UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH MARTIN JOHNSON (#189941),

          Plaintiff,

CASE NO. 4:12-CV-10270
JUDGE GERSHWIN A. DRAIN
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

JIM BOS,
KAREN THOMPSON,
JANE DOE and
JOHN DOE,

          Defendants,
                                        /

**ORDER CONDITIONALLY GRANTING PLAINTIFF'S MARCH 27, 2013 MOTION FOR APPOINTMENT OF COUNSEL (Doc. Ent. 14) and DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. Ent. 13)**

**A.    Background**

**1.**    Kenneth Martin Johnson (#189941) is currently incarcerated at the MDOC's Charles Egeler Reception & Guidance Center (RGC) in Jackson, Michigan, where he is serving sentences imposed on April 19 and 20, 2004 for, among other things, a September 30, 2003 first degree home invasion (Case No. 03-013710-FH-B (Van Buren County)).[1]

Johnson appealed his conviction on November 29, 2004. The Michigan Court of Appeals affirmed the lower court's judgment on June 15, 2006. Case No. 259434 (Mich. App.). The Supreme Court denied the application for leave on December 28, 2006. Case No. 131577 (Mich.).

---

[1] On March 26, 2004, the trial court denied Johnson's motion to suppress evidence, and he appealed that decision on April 12, 2004. *See* www.michigan.gov/corrections, "Offender Search;" Doc. Ent. 12; Case No. 254988 (Mich. App.).

**2.** The trial court denied Johnson's motion for relief from judgment on January 11, 2008. On November 10, 2008, Johnson filed a delayed application for leave to appeal. On December 15, 2008, Johnson's motion to waive fees was denied, because "a review of the prisoner account statement show[ed] the ability to pay." Johnson was directed to "pay to the Clerk of the Court, within 21 days of the certification of this order, the reduced entry fee in the sum of $42.00." He was further informed, "[f]ailure to comply with this order will result in the dismissal of the appeal." Case No. 288845 (Mich. App.).

According to Johnson, he submitted an MDOC disbursement authorization to ARUS Hughes on December 17, 2008. The Muskegon Correctional Facility (MCF) business office received the form on December 22, 2008, and it was marked "insufficient funds." It was returned to Johnson on February 2, 2009. Doc. Ent. 1 ¶¶ 13-17. A few days later, on February 9, 2009, Johnson initiated MDOC Grievance Identifier LRF-09-02-00308-28g. Doc. Ent. 1 ¶¶ 18-31.

According to the Michigan Court of Appeals April 16, 2009 docket entry, the prison was contacted by phone, and "defendant had no money for disbursement." On May 6, 2009, the Michigan Court of Appeals entered an order dismissing the delayed application for leave to appeal, because Johnson "failed to pay the entry fee in a timely manner." Case No. 288845 (Mich. App.).

**3.** On April 30, 2010, the Michigan Court of Appeals denied Johnson's February 11, 2010 delayed application for leave to appeal the trial court's November 24, 2009 order. Case No. 296432 (Mich. App.).

**4.** Meanwhile, on November 6, 2009, Johnson filed a prisoner civil rights complaint against Hearings Investigator Scott Freed at Saginaw Correctional Facility (SRF), Institutions Inspector

John Doe at SRF and Unit Officer Corrin at St. Louis Correctional Facility (SLF).  As described by this Court, Johnson's claims against these defendants included that they "denied [Johnson] access to the courts when Defendants confiscated and destroyed [Johnson]'s legal papers relative to [Johnson]'s pending criminal appeal pursuant to 42 U.S.C. § 1983."  Nonetheless, for reasons stated in her September 27, 2010 order, Judge Hood dismissed Freed and Corrin with prejudice and Doe without prejudice. The Court entered judgment in favor of defendants and against Johnson that same day.  Case No. 2:09-cv-14371-DPH-MKM (E.D. Mich.).

**5.**     On December 19, 2011, the Sixth Circuit denied Johnson's motion to grant him permission to proceed in forma pauperis on appeal. On January 31, 2012, the Sixth Circuit noted that the proper fee was not paid by January 23, 2012 and dismissed the matter for want of prosecution.  Case No. 10-2485 (6th Cir.).

**B.     The Instant Case**

Meanwhile, on January 20, 2012, while incarcerated at Lakeland Correctional Facility (LCF) in Coldwater, Michigan, Johnson filed this lawsuit against four (4) defendants: (a) John/Jane Doe, described as the Business Office Supervisor at St. Louis Correctional Facility (SLF); (b) John/Jane Doe, described as the Accounting Supervisor at SLF; (c) Jim Bos, described as the Business Manager at MCF; and (d) Karen Thompson, described as an MCF Manager of Prisoner Accounts from other facilities.  Doc. Ent. 1 at 1, 5, 6 ¶¶ 2-5.[2]

Plaintiff's verified, pro se prisoner civil rights complaint alleges that defendants violated his First and Fourteenth Amendment rights.  Doc. Ent. 1 ¶¶ 36-41.  Plaintiff claims that

---

[2]On February 9, 2012, Judge Steeh referred this case to me for all pretrial matters.  Doc. Ent. 7.  On December 4, 2012, this case was assigned from Judge Steeh to Judge Drain.  Doc. Ent. 10.

defendants' actions caused him "to lose a chance to purs[u]e non-frivolous arguable constitutional claims on his collateral attack/appeal from the lower court's denial of his motion for relief from judgment in his criminal conviction [in] [Case No.] 03-13710-FH." Doc. Ent. 1 ¶ 32. It is plaintiff's position that defendants' actions withheld access to plaintiff's prison account and "caused actual injury where he had no other remedy that may be awarded as recompense for the lost claims." Doc. Ent. 1 ¶ 33. Johnson "gave the Defendants his disbursement to withdraw money from his account to pay [the] filing fee, and their actions erected barriers that impeded his right of access to the courts when failing to take money out of [his] prison account to pay filing fees." Doc. Ent. 1 ¶ 34. According to Johnson, he "would have raised ar[gu]able claims in his appeal relating to the denial of self-representation and evidence tampering." Doc. Ent. 1 ¶ 35.

Plaintiff seeks declaratory relief, damages and an award of costs and fees. Doc. Ent. 1 at 11.

**C.    To Date No Defendant Has Appeared.**

On August 31, 2012, I entered an order (Doc. Ent. 9) granting plaintiff's July 25, 2012 request (Doc. Ent. 8) and directing the MDOC to provide defendants Bos and Thompson's last known addresses to the U.S. Marshal.

On May 9, 2013, my staff contacted the State of Michigan Attorney General's Office. On the same day, my chambers was assured that the MDOC will provide the last known addresses to the U.S. Marshal.

**D.    Pending Motions**

**1.**    Currently before the Court is plaintiff's March 27, 2013 motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Doc. Ent. 13. This motion is based on plaintiff's assertion

that Bos and Thompson "ha[ve] not made [an] attempt to let this . . . court know their intentions and that this . . . court should therefore enter a Judgment of Default." Furthermore, Johnson asks the Court to grant him injunctive relief, as well as punitive and compensatory damages. Doc. Ent. 3 at 2.

**2.** Also before the Court is plaintiff's March 27, 2013 motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) "to help to perfect the pleadings." Doc. Ent. 14 at 1. The Court notes Magistrate Judge Whalen's February 8, 2012 "order waiving prepayment of the filing fee and directing periodic subsequent payments of the filing fee." *See* Doc. Ent. 4. Furthermore, plaintiff states that he has limited access to the law library and RGC provides only "a mini law library that offers out-dated revisions and [n]o [c]ase [l]aw." According to plaintiff, "[p]risoners must depend solely on the Librarian who is located at another facility to obtain case law and current authorities." Doc. Ent. 14 ¶ 2.

**E.    Order**

Upon consideration, plaintiff's March 27, 2013 motion for appointment of counsel (Doc. Ent. 14) is CONDITIONALLY GRANTED. This case will be referred to the Court's *pro bono* program administrator. If an attorney is found who will agree to represent plaintiff in this case, an order of appointment will be entered.

However, plaintiff's March 27, 2013 motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) (Doc. Ent. 13) is DENIED WITHOUT PREJUDICE to renewal in the event defendants fail to timely respond once service of the summons and complaint upon them is accomplished.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

                                            S/Paul J. Komives
                                            PAUL J. KOMIVES
Dated: May 10, 2013              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this order was served upon Kenneth Martin Johnson on this date.

Dated: May 10, 2013              s/ Lisa C. Bartlett
                                       Case Manager