UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH MARTIN JOHNSON,

       Plaintiff,

                               Case No. 12-10270
                               HON. GERSHWIN A. DRAIN

vs.

JAMES BOS, *et al.*,

       Defendants.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#33]
AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#20]**

**I.    INTRODUCTION**

Before the Court is Plaintiff Kenneth Johnson's 42 U.S.C. § 1983 action raising constitutional claims of denial of access to the courts and unlawful taking of property against Defendants James Bos, Karen Thompson and Jeff Moggenborg, who are all employed by the Michigan Department of Corrections ("MDOC") in some capacity. The Court has referred the instant matter to Magistrate Judge Paul J. Komives for all pretrial proceedings. *See* Dkt. No. 22.

Prior to filing an Answer, Defendants Bos and Thompson filed a Motion for Summary Judgment based on Plaintiff's purported failure to exhaust his administrative remedies. Specifically, Defendants argue that Plaintiff's Complaint must be dismissed because he did not complete the MDOC's grievance process through Step III. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81 (2006). On October 8, 2013, Magistrate Judge Komives issued his Report and Recommendation

-1-

recommending that the Court deny Defendants' Motion for Summary Judgment. Defendants have failed to file objections to the Magistrate Judge's Report and Recommendation. Upon review of Magistrate Judge Komives' Report and Recommendation, Defendants' Motion for Summary Judgment and Plaintiff's Response, the Court concludes that Magistrate Judge Komives reached the proper conclusion.

## II.    BACKGROUND AND PROCEDURAL HISTORY

The instant action stems from Defendants actions during the course of Plaintiff's Rule 6.500 proceedings initiated in the Van Buren County Circuit Court, wherein Plaintiff argues his 2004 criminal conviction and sentence violated the First, Fifth and Sixth Amendments. After the trial court denied Plaintiff's Motion for Relief from Judgment, he filed a Delayed Application for Leave to Appeal to the Michigan Court of Appeals. On May 6, 2009, the Michigan Court of Appeals dismissed Plaintiff's application because he was ordered to pay a partial filing fee of $42.00, and "failed to pay the entry fee in a timely manner."

Plaintiff claims that Defendants denied him access to the funds in his prisoner account depriving him of the ability to pay the filing fee and appeal the denial of the claims raised in his Rule 6.500 Motion for Relief from Judgment. It is beyond dispute that the dismissal of Plaintiff's application could lead to devastating consequences, including the waiver of constitutional claims during federal habeas corpus proceedings pursuant to the exhaustion and procedural requirements imposed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(b), (c). *See also Rhines v. Weber*, 544 U.S. 269 (2005); *Wilson v. Mitchell*, 431 F.3d 517 (6th Cir. 2007).

On January 20, 2012, Plaintiff filed the instant action. On February 9, 2012, this matter was referred to Magistrate Judge Paul J. Komives. Magistrate Judge Komives conditionally granted

Plaintiff's request for the appointment of counsel and counsel entered a Notice of Appearance on August 8, 2013. Counsel filed a Response to Defendants' Motion for Summary Judgment on September 18, 2013. Defendants failed to file a Reply in support of their Motion for Summary Judgment.

## III.   DISCUSSION

Here, contrary to Defendants' argument, the record demonstrates that Plaintiff complied with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), having "filed the Step III appeal, [Plaintiff] has completed the administrative grievance process and fully exhausted his remedies." *Pugh v. Holden-Selby*, No. 12-cv-12357, 2013 U.S. Dist. LEXIS 92608, *7 (E.D. Mich. July 2, 2013); *see also* Dkt. No. 27-1 at 27, 31. Defendants are therefore not entitled to judgment in their favor.

Additionally, the Court notes that the affidavit submitted by Defendants in support of their Motion for Summary Judgment is the subject of Plaintiff's current Motion for Sanctions, filed on December 10, 2013. Plaintiff argues that Defendants should be sanctioned because the sole support for their Motion for Summary Judgment was the affidavit of Richard Russell, the Grievance Manager for the MDOC's Office of Legal Affairs. In his June 21, 2013 affidavit, Russell claimed that he had performed a search of the MDOC's grievance database and "found that [Plaintiff] ha[d] not filed any grievances through the step III appeal process." However, at his November 6, 2013 deposition, Russell contradicted his previous statement and admitted, among other things, that Plaintiff's Step III grievance appeal was recorded in the grievance database.

Furthermore, a review of Plaintiff's pending Motion to Compel, currently set for hearing on February 4, 2014 before Magistrate Judge Komives, reveals that Defendants may be improperly withholding relevant documents during the discovery proceedings in this matter.

While neither motion is before this Court, the Court writes only to note that this apparent stonewalling and frivolous motion practice, if proven, is unacceptable. Thus, after review and consideration of the parties' arguments, if Magistrate Judge Komives concludes sanctions are warranted, this Court would agree, including Plaintiff's counsel's reasonable attorney fees and costs and any other remedy Magistrate Judge Komives deems necessary in the interests of justice.

**IV.  CONCLUSION**

Accordingly, consistent with the analysis set forth in Magistrate Judge Paul J. Komives' October 8, 2013 Report and Recommendation, the Court hereby ACCEPTS and ADOPTS his October 8, 2013 Report and Recommendation, and DENIES Defendants Bos' and Thompson's Motion for Summary Judgment [#20].

SO ORDERED.

Dated: January 14, 2014

/s/ Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 14, 2014, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk